O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| ERIC DEAN ALESHIRE,<br><br>    Plaintiff,<br><br>    v.<br><br>AMAZON.COM SERVICES, LLC et al.,<br><br>    Defendants. | Case No. 2:23-cv-8853-ODW (ASx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [12]; AND DENYING DEFENDANTS' MOTION TO DISMISS [13]** |

## I.  INTRODUCTION

On September 21, 2023, Plaintiff Eric Dean Aleshire filed this action for violation of the California Fair Employment and Housing Act ("FEHA") in the Superior Court of California, County of Los Angeles.  (Decl. Cassidy C. Veal ISO Notice Removal Ex. A ("Compl."), ECF No. 1-2.)  On October 20, 2023, Defendants Amazon.com Services, LLC and Mildred Linares removed this action based on federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Notice Removal ("NOR") ¶ 13, ECF No 1.)  Aleshire now moves to remand.  (Mot. Remand ("Motion" or "Mot."), ECF No. 12.)  For the reasons below, the Court **GRANTS** Plaintiff's Motion and **REMANDS** this action to the Los Angeles Superior Court.[1]

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

## II. BACKGROUND

On November 1, 2021, Amazon hired Aleshire. (First Am. Compl. ("FAC") ¶ 11, ECF No. 11.) Aleshire reported to Linares, an Amazon employee with managerial authority over him. (*See id.* ¶ 15.)

On March 11, 2022, Aleshire requested six days leave from Linares, for his son's medical treatment. (*Id.* ¶ 12.) On March 20, 2023, Aleshire developed pneumonia and requested an additional five days of medical leave. (*Id.* ¶ 14.) Aleshire alleges that during this period, Linares created a hostile work environment and subjected him to oppressive conduct by (1) repeatedly failing to provide correct information to Aleshire and Amazon's "DLS department" to approve Aleshire's leave; and (2) falsely professing on March 28, 2023, "you're not going to lose your job." (*Id.* ¶ 15.) Defendants initially terminated Aleshire on March 31, 2023. (*Id.* ¶ 11.) Despite Aleshire's appeal of the termination decision, on April 3, 2023, Amazon confirmed his termination. (*Id.* ¶¶ 16–17.)

On September 21, 2023, Aleshire filed this lawsuit against Defendants in the Superior Court of California, County of Los Angeles. (NOR ¶ 2.) In the Complaint, and the First Amended Complaint, Aleshire asserts eight causes of action against Amazon: (1) discrimination based on physical disability; (2) associational disability; (3) failure to accommodate actual or perceived physical disability; (4) failure to engage in good faith interactive process; (5) hostile work environment harassment; (6) failure to prevent discriminatory practices; (7) retaliation for requesting/taking California Family Rights Act Leave; and (8) wrongful termination in violation of public policy. (*See* FAC ¶¶ 20–112; *see also* Compl. ¶¶ 18–110.)

Defendants removed this action to federal court based on federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (NOR ¶ 13.) Aleshire now moves to remand. (*See generally* Mot.) The Motion is fully briefed. (Opp'n, ECF No. 16; Reply, ECF No. 17.)

### III.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. Art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. A defendant may remove a case from a state court to a federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, based on federal question or diversity jurisdiction. There is a strong presumption that a court is without federal jurisdiction unless affirmatively proven otherwise. *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970); *see Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). The party seeking removal bears the burden of establishing federal jurisdiction. *Gaus*, 980 F.2d at 566. To exercise diversity jurisdiction, a federal court must find both complete diversity of citizenship among the adverse parties, and that the amount in controversy exceeds $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a).

### IV.  DISCUSSION

Although Aleshire and Linares are both citizens of California, (FAC ¶¶ 3–6), Defendants argue the complete diversity requirement is met because Linares is a "sham" defendant who is fraudulently joined (NOR ¶¶ 13–33.) As Defendants do not dispute that Linares is a citizen of California, (*see* Opp'n 2), the question is whether Linares is a proper party to the action or fraudulently joined such that the Court may disregard her citizenship. The Court finds that complete diversity is destroyed because Linares is not a "sham" defendant.

Where a defendant invokes diversity of citizenship as the basis of the court's subject matter jurisdiction, as Defendants have done here, the Supreme Court has consistently held 28 U.S.C. § 1332 requires complete diversity. *E.g. Exxon Mobil Corp.*

*v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). Meaning, that the presence of a single defendant from the same state as a single plaintiff will generally deprive federal courts of original diversity jurisdiction. *Id.* An exception to this rule arises "where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

There is a presumption against finding fraudulent joinder and defendants have a heavy burden of persuasion. *See Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). To support a claim that a non-diverse defendant has been fraudulently joined, or is a "sham" defendant, the removing party must show that the plaintiff "fails to state a cause of action . . . and the failure is obvious according to the settled rules of the state." *Id.* Accordingly, a non-diverse defendant is deemed a "sham" defendant if, after all disputed questions of fact and ambiguities in the controlling state law are resolved in the plaintiff's favor, there is no "possibility that a state court would find that the complaint states a cause of action against" the defendant whose joinder is questioned. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). If the court finds the non-diverse defendant is fraudulently joined, it may disregard that defendant's citizenship for purposes of the complete diversity analysis. *See id.*; *Revay v. Home Depot U.S.A., Inc.*, No. 2:14-cv-03391-RSWL (ASx), 2015 WL 1285287, at *2, 3 (C.D. Cal. Mar. 19, 2015) (noting that "[o]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined' . . . and the defendant's presence in the lawsuit is ignored for purposes of determining diversity").

Under California law, actions for discrimination and actions for harassment are distinguishable. *See* Cal. Gov't Code § 12940(a), (j). Under FEHA, it is unlawful for an employer or any other person to engage in harassment. *See id.* § 12940(a), (j)(1). To establish a claim for harassment, a plaintiff must demonstrate that: (1) he is a member of a protected group; (2) he was subjected to harassment because he belonged to this group; and (3) the alleged harassment was so severe that it created a hostile work

hostile work environment. *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1244 (9th Cir. 2013). A "plaintiff must also show a 'concerted pattern' of harassment of a repeated, routine or a generalized nature." *Id.* Ultimately, remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency. *Burris v. AT&T Wireless, Inc.,* No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006).

Conversely, personnel related management decisions such as hiring, firing, discipline, performance, evaluations, compensation, requests for accommodation or job assignments cannot constitute unlawful harassment, for they are inside the scope of managerial employment. *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 64 (1996); *see Reno v. Baird*, 18 Cal. 4th 640, 645–46 (1998) (finding that harassment usually consists of "a type of conduct not necessary for performance of a supervisory job").

The California Supreme Court acknowledged that personnel management decisions can be evidence of harassment where they are used as the means to communicate a harassing message or create a hostile work environment. *See Roby v. McKesson Corp.*, 47 Cal. 4th 686, 708 (2009), *as modified* (Feb. 10, 2010) ("[I]n some cases the hostile message that constitutes the harassment is conveyed through official employment actions, and therefore evidence that would otherwise be associated with a discrimination claim can form the basis of a harassment claim."). Thus, allegations "of biased personnel management actions" may support a claim of harassment so long as they are "relevant to prove the communication of a hostile message." *Id.*

Here, Aleshire alleges that Linares (1) repeatedly provided false information to Aleshire and Amazon regarding the approval of Aleshire's leave; and (2) falsely professed "you're not going to lose your job." (FAC ¶ 15.) Aleshire argues these actions amounted to hostile work environment harassment. (*Id.*) Defendants contend Linares's alleged actions fall inside the scope of managerial employment and do not constitute harassment under the law. (Opp'n 4–6.)

Under the current set of factual allegations, Aleshire *could* sufficiently allege a "concerted pattern" regarding Linares's actions. (*See* FAC ¶¶ 15, 16, 70–80.) By resolving all disputed questions of fact and ambiguities in the controlling state law in the plaintiff's favor, a state court *could* find Aleshire's allegation that Linares "repeatedly" provided false information plausible. (*See id.*); *see also Grancare*, 889 F.3d at 548.

In light of the foregoing, Defendants fail to meet their burden of establishing that there is no possibility a state court would find the First Amended Complaint, or a subsequent amendment, states a cause of actions against Linares. Therefore, Defendants fail to establish Linares is a "sham" defendant, particularly considering the "strong presumption against removal jurisdiction." *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Accordingly, the Court finds Linares is not a "sham" defendant and the Court lacks diversity jurisdiction.

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion to Remand, (ECF No. 12), and **REMANDS** the case to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill Street, Los Angeles, CA, 90012, No. 23STCV22830. In light of the remand, the Court **DENIES AS MOOT** Defendants' Motion to Dismiss. (ECF No. 13.)

**IT IS SO ORDERED.**

March 12, 2024

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**